FILED'09 MAY 11 08:18USDC-LAE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

Patrick Joffroin, Phillip Hebert, Mickey          )   CIVIL ACTION NO. **09-3505**
O'Connor, Danny Keating, Bettie Keating,          )
Glee Lashorto, Sal Lashorto, Peggy Lala,          )   SECTION NO. **SECT.R MAG1**
John Lala, Mark Poole, Gloria J. Poole,           )
Christine Neely, Karl Beohm, Jacquline            )   MAGISTRATE _____
Boehm, Dorothy David, Normand David,              )
Grace M. Sauro, Sidney Wigerton, Walter           )
Groce, Joseph Gioiello, Brenda Gioiello           )
Joseph E. Gros, Jr., Susan Funck, William         )   JURY TRIAL DEMANDED
Funck, Allen E Defforen, Ross Schillesei,         )
Joan Copper, Robert Cooper, Salvador              )
Correro, Jeannette Correro, Harry Vorkshen        )
Clifton Arnold, Rose Cartaginese, A. J.           )
Cartaginese, Craig S. Englert, Sheila Englert,)
Dennis Hock William Mauser, Jerry A.              )
Phillips, Judy B. Phillips, Maureen M. Coller,)
Edward Coller, Kathleen F. Pilie, Gary L.         )
Greiner, Sr., Lori T. Griner, Shanette B.         )
Edler, Raymond Edler, Thomas W. Neely,            )
III, Loyce S. Schellesci                          )
                                                   )
                    v.                             )
                                                   )
                                                   )
Joseph S. Tufaro, Troy Duhon, Jeffery J.          )
Neupert; Clipper Land Holdings, LLC,              )
Clipper Construction LLC,                          )

## **COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes plaintiffs  Patrick Joffroin, Phillip


___ Fee____
___ Process____
X_ Dktd____
___ CtRmDep____
___ Doc. No____

1

Hebert, Mickey O'Connor, Patrick Joffroin, Phillip Hebert, MickeyO'Connor, Danny Keating, Bettie Keating, Glee Lashorto, Sal Lashorto, Peggy Lala, John Lala, Mark Poole, Gloria J. Poole, Christine Neely, Karl Beohm, Jacqueline Boehm, Dorothy David, Normand David, Grace M. Sauro, Sidney Wigerton, Walter Groce, Joseph Gioiello, Brenda Gioiello, Joseph E. Gros, Jr., Susan Funck, William Funck, Allen E Defforen, Ross Schillesei, Joan Copper, Robert Cooper, Cartaginese, Craig S. Englert, Sheila Englert, Dennis Hock William Mauser, Jerry A. Phillips, Judy B. Phillips, Maureen M. Coller, Edward Coller, Kathleen F. Pilie, Gary L. Greiner, Sr., Lori T. Griner, Shanette B. Edler, Raymond Eddler, Thomas W. Neely, III, Loyce S. Schellesci by and through their undersigned attorney, who allege that:

I.

Plaintiffs are citizens of the United States or legal residents and are domiciled in St. Tammany Parish, Louisiana, within the venue of this honorable court.

II.

Jurisdiction is alleged under 28 U.S.C. §§ 1331, 1361and 18 U.S.C. § 1961, *et. seq.,* the Racketeering Influenced and Corrupt Organizations, Act. (RICO). Additionally, the supplemental jurisdiction of the court is invoked pursuant to 28 U.S.C. § 1367.

III.

This action is based on various acts of fraud, negligence and racketeering activity by defendants that were committed within this judicial district and all defendants reside within this jurisdictional district. Therefore, venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(b)(l) and (2) and 18 U.S.C. § 1965(a).

IV.

2

Made defendants herein are the following:

a) Joseph S. Tufaro Jr., a natural person domiciled in Jefferson Parish Louisiana who's principal place of business is in St. Tammany Parish Louisiana, within the jurisdiction and venue of this court. Tufaro is a member and manager of Clipper Land Holdings, LLC and Clipper Construction, LLC. He is the President and chairman of the board of the enterprise, Clipper Estates Master Homeowners Association.

b) Troy Duhon, a natural person domiciled in St. Tammany Parish Louisiana whose principal place of business is in St. Tammany Louisiana within the jurisdiction and venue of this court. Duhon is a member and manager of Clipper Land Holdings, LLC. Duhon was a manager and member of Clipper Construction, LLC until April 29, 2008.

c) Jeffery J. Neupert, a natural person domiciled in St. Tammany Parish Louisiana, whose principal place of business is St. Tammany Parish Louisiana and who serves as Chief Financial Officer of Clipper Land Holdings, LLC, Clipper Construction, LLC and the enterprise, Clipper Estates Masters Homeowners Association.

c) Clipper Land Holdings, LLC, a Limited Liability Company organized under the Laws of Louisiana with its principal place of business within St. Tammany Parish, Louisiana.

d) Clipper Construction, LLC , a Limited Liability Company organized under the Laws of Louisiana with its principal place of business within St. Tammany Parish, Louisiana.

V.

The defalcations alleged in this petition arise out of the continuing acts and omissions of the defendants in the collection, administration  management and disbursement of homeowners funds designated for the maintenance of common areas and promotion of the common good as

3

well as maintenance of reserves for road repairs.  Defendants acting individually and in concert

with themselves and other persons acted to  to defraud the plaintiffs in the manner described in

this petition.  Defendants acted in concert to raid the homeowners funds for their own personal

use and they embarked on an organized campaign via the mail and wires to convert plaintiffs'

funds for their personal use.  Tufaro  and Clipper Land Holdings LLC had a fiduciary duty to

plaintiffs and they breached that duty on a continuos basis by diverting homeowners money to all

defendants with full knowledge that illegal, unethical and unscrupulous activity was afoot.

<div align="center">VI.</div>

This petition seeks damages from defendants for a pattern of racketeering, profiteering,

fraudulent and intentional misrepresentations, conversion, breach of fiduciary duty, violation of

the Louisiana Racketeering Act and unjust enrichment. As a result of defendants' illegal

activities, is plaintiffs are entitled to reimbursement, indemnity, contribution, actual and

exemplary damages, as well as, all costs, including attorneys' fees and any applicable penalties

associated with this current action.

<div align="center">VII.</div>

In February of 1995, Stanford Latter formed the Clipper Estates Master Homeowners

Association (hereinafter CEMHOA).

<div align="center">VIII.</div>

Defendant Joseph S. Tufaro was named to the original board of directors.

<div align="center">IX.</div>

The purpose of the CEMHOA was to provide for the acquisition, construction,

management, maintenance and care of the corporation's property to the extent permitted by

<div align="center">4</div>

statute, within the Clipper Estates development, comprising the common areas as defined by the Declaration of Covenants, Conditions and Restrictions (hereinafter Declaration) of Clipper Estates Subdivision in St. Tammany Parish, Louisiana, registered in the official conveyance records of St. Tammany Parish on January 17, 1995 at Instrument Number 935464.

X.

CEMHOA has a minimum existence of twenty-five years.

XI.

The Declaration was filed by the original declarant was Clipper Island, LLC, a now defunct entity whose successor is defendant Clipper Land Holdings, LLC.

XII.

Common area is defined in the Declaration as all real property, and the improvements or excavations thereon, owned or leased by the Association, or over which the Association has a servitude, or over which the Association may acquire an interest, and intended to be utilized for the common use and enjoyment of Members, which shall be deeded to the Association at such time that the Subdivision Map of the subdivision in which such property is located is recorded in the Official Records of the Parish of St. Tammany.

XIII.

Common Expenses are defined in the Declaration to mean the actual and estimated cost of:

(a) Maintenance, management, and operation of the Common Areas;

(b) Unpaid Assessments;

(c) Costs of management and administration of the Association, including, but not limited

5

to, compensation paid by the Association to managers, accountants, attorneys, agents, and employees;

(d) Costs of services which the Board may from time to time deem to benefit the Properties;

(e) The costs of insurance obtained by the Association;

(f) Reasonable reserves as deemed appropriate by the Board;

(g) The cost of bonding members of the Board, any professional managing agent, or any other person handling the funds of the Association:

(h) Taxes paid by the Association;

(i) Amounts paid to discharge any lien or encumbrance against the properties administered by the Association;

(j) Costs incurred by any Board committees; and

(k) Other expenses incurred by the Association for any reason whatsoever in connection with the cost of discharging any right, power or duty of the Association provided for in the Governing Documents, or in furtherance of the purposes of the Association, or in the discharge of any rights, duties or powers of the Association.

<div align="center">XIV.</div>

The Declaration provides that the Common Areas shall be owned and/or administered by the Association for the use, enjoyment, and convenience of the Members, and for the purposes, and subject to the restrictions and limitations, set forth in the Governing Documents.

<div align="center">XV.</div>

The current board of directors is dominated by the Declarant who at all material times was controlled by defendants Tufaro and Duhon.

<div align="center">6</div>

XVI.

Plaintiffs are mead up of members of the CEMHOA and include former board members of the Association.

XVII.

All plaintiffs have completed all dues payments and are members in good standing of the CEMHOA .

XVIII.

Defendants Tufaro and Neupert, acting for the benefit of themselves and defendants Duhon, Clipper Land Holdings LLC and Clipper Construction LLC, have embarked on a systematic approach of converting funds supplied by plaintiffs in the form of the assessments to the CEMHOA

XIX.

Defendants Neupert and Tufaro, acting for the benefit of themselves and defendants Duhon, Clipper Land Holdings LLC and Clipper Construction LLC, have paid exorbitant management fees to defendant  Clipper Construction, LLC for services that are undocumented and specious.

XX.

Defendants Neupert and Tufaro, acting for the benefit of themselves and defendants Duhon, Clipper Land Holdings LLC and Clipper Construction LLC, have used CEMHOA funds to pay for services in intrastate and interstate commerce that convey no benefit to the CEMHOA but definite benefit to the defendants out of the funds of CEMHOA.  This included a contract for trash services to a company that did not provide the lowest bid.  A relative of defendant Tufaro is

7

associated with the present contractor.

<center>XXI.</center>

Defendants Neupert and Tufaro, acting for the benefit of themselves and defendants Duhon, Clipper Land Holdings LLC and Clipper Construction LLC, have used CEMHOA funds to pay for administrative services including utilities, office supplies, salaries and accounting services in intrastate and interstate commerce that should be apportioned in whole or in part to the defendants. Defendant Neupert benefitted directly from money used to pay for accounting services.

<center>XXII.</center>

Defendants Neupert and Tufaro, acting for the benefit of themselves and defendants Duhon, Clipper Land Holdings LLC and Clipper Construction LLC, have used CEMHOA funds to pay, in intrastate and interstate commerce, for services directly related to the development of properties by defendants. Tufaro billed services used at the construction sites including dumpsters and portable toilets to CEMHOA,

<center>XXIII.</center>

Defendant Tufaro, acting for the benefit of himself and defendants Neupert, Duhon, Clipper Land Holdings LLC and Clipper Construction LLC, has used CEMHOA funds as his personal account to satisfy the debts incurred by the defendant in intrastate and interstate commerce that are of little or no benefit to the CEMHOA. This included utilizing CEMHOA funds to pay for the debts of the defendant and later trying and failing to substitute his own check for the payment made by CEMHOA. In one or more cases this resulted in a significant interest free loan to defendants and in at least one case the CEMHOA was never repaid.

<center>8</center>

### XXIV.

By his control of the CEMHOA board and through the use of administrative staff paid for in whole or in part by the CEMHOA, defendant Tufaro, acting for the benefit of himself and defendants Neupert, Duhon, Clipper Land Holdings LLC and Clipper Construction LLC, has resisted and stonewalled reasonable oversight by homeowners and board members including plaintiffs.  This included refusing to provide access to materials required to be provided by state law and the bylaws of the Association and/or charging exorbitant and extortionate costs for access to those records to deter overnight by board members and homeowners.

### XXV.

In conducting their activities, defendants Neupert and Tufaro, acting for the benefit of themselves and defendants Duhon, Clipper Land Holdings LLC and Clipper Construction LLC, used or caused to be used the United States Mail, commercial couriers, telephones, facsimiles, electronic mail and other forms of electronic communications.

### XXVI.

In conducting their activities, defendants Neupert and Tufaro, acting for the benefit of themselves and defendants Duhon, Clipper Land Holdings LLC and Clipper Construction LLC, has failed to allocate assessments for specific activities such as the road reserve fund, to the accounts designated for those reserve funds.  Instead, defendant Tufaro for the benefit of the other defendants has utilized those reserve funds to pay the expenses and liabilities of the defendants.

### XXVII.

Thea actions of defendants Neupert and Tufaro were taken with the knowledge consent

9

and acquiescence of the other defendants who benefitted directly from their actions.

## FIRST CAUSE OF ACTION

## RACKETEERING INFLUENCED AND CORRUPT ORGANIZATIONS, ACT (RICO)

### XXVIII.

Plaintiffs incorporate paragraphs I through XXVII and make them part of this cause of action.

### XXIX.

Defendants have engaged in a pattern of fraud, racketeering and profiteering in violation of 18 U.S.C. § 1961 *et. seq.,* the Racketeer Influenced and Corrupt Organizations Act (RICO) by engaging in theft via fraudulent conduct practices or representations within the scope of 18 U.S.C. § 1961 et.eq.

### XXX.

At all material times, defendants committed theft by fraudulent purposes, utilizing the mails and wire communications, that was a violation of both federal and state law within the scope of 18 U.S.C. § 1961 et.eq. 18 U.S.C. §§ 1341,1343 1952 and 2314 and Louisiana R.S. 14:67 and is punishable by more than one year imprisonment.

### XXXI.

CEMHOA, is a juridical person recognized under Louisiana state law and a person within the meaning of 18 U.S.C. § 1961(3).

### XXXII.

The defendants are "persons" within the meaning of 18 U.S.C. § 1961(3).

## XXXIII.

Defendants Clipper Construction, LLC, Clipper Land Holdings, LLC, Neupert, Duhon and Tufaro have engaged in a pattern of racketeering activities by being either employed by or associated with enterprises that have engaged in activities that affect interstate commerce, including, but not limited to, diverting and misappropriating homeowners assessments and diverting funds to companies that participate in interstate commerce through a pattern of racketeering activity or the collection of an unlawful debt in direct violation of 18 U.S.C. § 1962(c).

## XXXIV.

CEMHOA is the entity through which defendants conducted their fraudulent practice and profiteering.

## XXXV.

CEMHOA is the "enterprise" within the meaning of 18 U.S.C. § 1961(4) and 18 U.S.C. § 1962(c).

## XXXVI.

Defendants via Clipper Land Holdings LLC and its members/managers Tufaro and Duhon and their Chief Financial Officer Neupert controlled the enterprise CEMHOA.

## XXXVII.

The conduct described above demonstrates the direct or indirect participation in the enterprises by each defendant.  Moreover, defendants directed and controlled the operations of each of their enterprises and owed CEMHOA a fiduciary duty, including a duty not to self-deal, to act in good faith and to disclose material facts relating to the transactions made in the name of

11

CEMHOA

## XXXVIII.

Defendants in violation of the mail fraud statute (18 U.S.C. § 1343) committed many fraudulent acts including using the enterprise to mail bills for assessments that were used for fraudulent, racketeering and profiteering purposes, using the mail to receive assessments from within and without the State of Louisiana, mail ill gotten funds through the United States Postal Service in intrastate and interstate commerce to satisfy liabilities and debts of defendants with no benefit to the enterprise, send correspondence via the mails to further the fraudulent, racketeering and profiteering of the defendants.

## XXXIX.

Defendants in violation of the wire fraud statute (18 U.S.C. § 1341) committed many fraudulent acts including using the telephone, facsimile, electronic mail and other wire or wireless devices under the guise of the enterprise to collect assessments that were used for fraudulent, racketeering and profiteering purposes, arrange payment of ill gotten funds through intrastate and interstate commerce to satisfy liabilities and debts of defendants with no benefit to the enterprise, and arrange for other actions to facilitate the fraudulent, racketeering and profiteering of the defendants.

## XL.

Defendants actions were taken as part of intrastate and interstate commerce.

## XLI.

Defendants Neupert, Tufaro and Clipper Construction LLC and upon information and belief defendants Duhon and Clipper Land Holdings LLC have received income derived, directly

or indirectly, from a pattern of racketeering activity and/or through collection of an unlawful debt.

## XLII.

Defendants Neupert, Tufaro, Duhon Clipper Land Holdings, LLC and Clipper Construction LLC have participated as a principal to use or invest, directly or indirectly, income, or the proceeds of such income, in acquisition of an interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce within the scope of 18 U.S.C. § 1962(a).

## XLIII.

Defendants Clipper Land Holdings, LLC, Tufaro, Neupert, Duhon and Clipper Construction LLC, through a pattern of racketeering activity and/or through collection of an unlawful debt acquired or maintained, directly or indirectly, an interest in or control of the enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce within the scope of 18 U.S.C. § 1962(b).

## XLIV.

Defendants Clipper Land Holdings, LLC, Tufaro, Neupert, Duhon and Clipper Construction, LLC, were employed by or associated with the enterprise engaged in, or the activities of which affect, interstate or foreign commerce, and participated, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity and/or collection of unlawful debt within the scope of 18 U.S.C. § 1962(c).

## XLV.

Defendants Tufaro, Neupert, Duhon, Clipper Construction LLC and Clipper Land

13

Holdings LLC conspired to violate the provisions of 18 U.S.C. §§ 1962(a) through (c).

## XLVI.

Defendants racketeering activity has damaged plaintiff by misusing their various assessments for their own use rather than the common good of the enterprise.  Additionally, they have caused some or all of the plaintiffs mental anguish, humiliation, worry and fear.  Accordingly they are entitled to treble damages, costs and attorney's fees under 18 U.S.C. § 1964(c).

## SECOND CAUSE OF ACTION

## LOUISIANA RACKETEERING ACT

## XLVII.

Plaintiff incorporate paragraphs I through XLVI and make them part of this cause of action.

## XLVIII.

Now invoking for this and the remaining causes of action, the supplemental jurisdiction of this court under 28 U.S.C. § 1367, the plaintiffs seek relief under the Louisiana Racketeering Act.

## XLIX.

Defendants Tufaro, Neupert, Duhon, Clipper Land Holdings LLC and Clipper Construction LLC, having  knowingly received proceeds derived, directly or indirectly, from a pattern of racketeering activity have used or invested, directly or indirectly, part of such proceeds, or the proceeds derived from the investment or use thereof, in the acquisition of any title to, or any right, interest, or equity in immovable property or in the establishment or operation of an

14

enterprise within the scope of R.S. 15:1353A.

L.

Defendants Clipper Land Holdings, LLC, Tufaro, Neupert, Duhon and Clipper Construction, LLC, through a pattern of racketeering activity, knowingly acquired and/or maintained, directly or indirectly, an interest in or control of an enterprise or immovable property within the scope of R.S. 15:1353B.

LI.

Defendants Clipper Land Holdings, LLC, Tufaro, Neupert, Duhon and Clipper Construction LLC., as persons employed by, or associated with the enterprise, knowingly conducted or participated in, directly or indirectly, such enterprise through a pattern of racketeering activity within the scope of R.S. 15:1535C.

LII.

Defendants Tufaro, Neupert, Duhon, Clipper Construction LLC and Clipper Land Holdings LLC conspired to violate the provisions of R.S. 15:1535A though C..

LIII.

Defendants racketeering activity has damaged plaintiff by misusing their various assessments for their own use rather than the common good of the enterprise.  Additionally, they have caused some or all of the plaintiffs mental anguish, humiliation, worry and fear. Accordingly they are entitled to treble damages or $10,000.00, whichever is greater, costs and attorneys fees pursuant to R.S. 15:1356E.

THIRD CAUSE OF ACTION

CONVERSION

15

### LIV.

Plaintiffs incorporate paragraphs I through LIII and make them part of this cause of action.

### LV.

Defendants are liable to plaintiffs for converting the homeowners assessments and the road reserve assessment from their intended purpose to themselves. The conversion of funds resulted in several hundred thousand dollars being diverted from their intended purpose to the defendants.

### LVI.

Defendants are liable to plaintiffs for the loss of assets and monies, as a result of defendants' acts of conversion.

### FOURTH CAUSE OF ACTION

### FRAUD AND INTENTIONAL MISREPRESENTATIONS

### LVII.

Plaintiffs incorporate paragraphs I through LVI and make them part of this cause of action.

### LVIII.

Plaintiffs allege that they have sustained damages as a result of defendants' actual fraud and intentional misrepresentations.

### LIX.

Defendants have misrepresented the purpose of the homeowners' assessments by claiming that they are and will be used to promote the common good and maintain the common

16

area.  Instead defendants used the money collected as assessments for personal gain.

LX.

Defendants have made material misrepresentations in furtherance of their fraudulent

racketeering scheme.  As such, they are liable to plaintiffs for the amount of assessments

collected and fraudulently used.

FIFTH CAUSE OF ACTION

VIOLATION OF FIDUCIARY DUTIES

LXI.

Plaintiffs incorporate paragraphs  I through LX and make them part of this cause of

action.

LXII.

Defendant Clipper Land Holdings, LLC, as the Declarant in this case, owes a fiduciary

duty to the individual homeowners including plaintiffs.  The declarant establishes and controls

CEMHOA through its member(s) and controls the board of directors of the enterprise.  The

declarant further collects monies in the name of the enterprise and has pledged to disburse them

for the common good and to maintain the common areas.

XIII.

Defendant Clipper Land Holdings, LLC  as the declarant, breached their fiduciary duty to

plaintiffs by spending money for its own use and for the use of its members/managers.

SIXTH CAUSE OF ACTION

PIERCING OF THE VEIL

17

LXIV.

Plaintiffs incorporate paragraphs I through LXIII and make them part of this cause of action.

LXV.

Upon information and belief, defendants Tufaro and Duhon have failed to provide sufficient capitalization for Clipper Construction, LLC and Clipper Land Holdings, LLC. As a result of this gross undercapitalization, the assets of Clipper Construction, LLC and Clipper Land Holdings, LLC. are woefully inadequate to respond to plaintiffs' demands arising from the acts and omissions committed by defendants.

LXVI.

Upon information and belief, Clipper Construction, LLC and Clipper land Holdings, LLC. are mere "alter egos" of Joseph Tufaro and Troy Duhon.

LXVII.

Upon information and belief, Tufaro exercises complete dominion and control over Clipper Construction, LLC and both Tufaro and Duhon exercise complete dominion and control over Clipper Land Holdings LLC and prior to April 29, 2008, both Tufaro and Duhon exercised complete dominion and control over Clipper Construction, LLC  to the point that the aforementioned entities have no mind, will or existence separate and apart from Tufaro and Duhon.

LXVIII.

Defendants Duhon and Tufaro are liable to plaintiff under R.S. 12:1320D as members and managers of Clipper Land Holdings, LLC and Clipper Construction, LLC because of

18

racketeering, profiteering, fraud, breach of professional duty and other wrongful acts delineated herein.

LXIX.

Upon information and belief that Tufaro and Duhon's control over Clipper Land Holdings, LLC and Clipper Construction, LLC. and his failure to capitalize the aforesaid entities sufficiently will, upon exhaustion of the assets of Clipper Land Holdings, LLC and Clipper Construction, LLC., cause plaintiffs unjust and inequitable injury and loss.

LXX.

Upon information and belief, Clipper Land Holdings, LLC and Clipper Construction, LLC and Tufaro and Duhon have failed to maintain separate business enterprises, which may include, but are not limited to the following factors:

    a.  Companies with identical or substantial identity of ownership;

    b. Common members, managers officers or directors;

    c. Unified administrative control of companies;

    d. Directors and Officers of the enterprise acting independently from the interest of that corporation;

    e. One corporation financing the other companies;

    f. Inadequate capitalization;

    g.  The enterprise paying the salaries and expenses or losses of the LLCs;

    i. Common employees;

    j. Service rendered by the employees of one entity on behalf of another entity;

    k.  Centralized accounting;

### LXXI.

Under applicable law, Clipper Land Holdings, LLC and Clipper Construction, LLC. and Tufaro and Duhon operate as a single business enterprise.

### LXXII.

As a result of the operation of Clipper Land Holdings, LLC and Clipper Construction, LLC and Tufaro and Duhon as a single business enterprise, Tufaro and Duhon should be held liable for the acts and omissions of Clipper Land Holdings, LLC and Clipper Construction, LLC. that are alleged herein.

### SEVENTH CAUSE OF ACTION

### UNJUST ENRICHMENT

### LXXIII.

Plaintiffs incorporate paragraphs  I through LXXII and make them part of this cause of action.

### LXXIV.

In the alternative, if no other basis for compensation of the plaintiffs is upheld, they assert the claim of unjust enrichment.

### LXXV.

Defendants were enriched by the improperly allocated assessments furnished by plaintiffs.

### LXXVI.

Plaintiffs were  impoverished by the misuse of their assessments, causing them to have to pay a higher rate of assessment.

## LXXVII.

The impoverishment was caused by the enrichments of the defendants.

## LXXVIII.

There was no justification or cause for the enrichment and impoverishment.

## EIGHTH CAUSE OF ACTION

## APPOINTMENT OF A RECEIVER

## LXXIX

Plaintiffs incorporate paragraphs I through LXXVIII and make them part of this cause of action.

## LXXX.

Defendants are jeopardizing the rights of the CEMHOA membership by grossly mismanaging the corporation and/or by wasting, misusing or misapplying the assets of the corporation.

## LXXXI.

Given the seriousness of the allegations involved, plaintiffs request that this court appoint on an *ex parte* basis a temporary receiver pursuant to R.S. 12:258C to manage the affairs of the enterprise CEMHOA until trial of this matter.

## LXXXII.

After trial on the merits, appoint a permanent receiver to manage the affairs of the enterprise CEMHOA

## LXXXIII.

Award to plaintiffs costs and a reasonable attorney's fee from the corporation's assets

pursuant to R.S. 12:258D, allowing the receiver to recover such costs and attorneys fees from

defendants and any other officer or director whose conduct was the cause of this proceeding.

<p style="text-align:center">LXXXIV.</p>

The receiver should be required to file a report on a quarterly basis.

WHEREFORE, plaintiff prays that this court after due process, finds for the plaintiff and

take the following action

a)   Upon ex parte motion appoint a temporary receiver for the enterprise, CEMHOA and

upon trial in this matter appoint a permanent receiver.

b)   Award plaintiffs general, special, exemplary and statutory damages against

defendants in an amount to be shown at trial.

c)  Order defendants to disgorge the equivalent of assessments paid into the enterprise

and used for an improper purpose to plaintiffs in a formula to be accepted by the court.

d) Award statutory treble damages for RICO/Louisiana Racketeering Act.

e) Costs of court, including reasonable attorneys' fees.

f)  Prejudgment and post-judgment interest at the highest lawful rates.

g) Such other relief, either general or special, at law or in equity, to which this court finds to

be just and equitable.

<div style="margin-left:50%">
Respectfully Submitted,

John B. Wells<br>
LA Bar #23970<br>
P. O. Box 5235<br>
Slidell, LA 70469-5235 (mail)<br>
769 Robert Blvd., Suite 201D<br>
Slidell, LA 70458 (physical)<br>
985-641-1855<br>
985-649-1536 (fax)
</div>

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

Patrick Joffroin, Phillip Hebert, Mickey )  CIVIL ACTION NO. _____
O'Connor, Danny Keating, Bettie Keating, )
Glee Lashorto, Sal Lashorto, Peggy Lala, )  SECTION NO. _____
John Lala, Mark Poole, Gloria J. Poole, )
Christine Neely, Karl Beohm, Jacquline )  MAGISTRATE _____
Boehm, Dorothy David, Normand David, )
Grace M. Sauro, Sidney Wigerton, Walter )
Groce, Joseph Gioiello, Brenda Gioiello )
Joseph E. Gros, Jr., Susan Funck, William )
Funck, Allen E Defforen, Ross Schillesei, )
Joan Copper, Robert Cooper, Salvador )
Correro, Jeannette Correro, Harry Vorkshen )
Clifton Arnold, Rose Cartaginese, A. J. )
Cartaginese, Craig S. Englert, Sheila Englert,)
Dennis Hock William Mauser, Jerry A. )
Phillips, Judy B. Phillips, Maureen M. Coller,)
Edward Coller, Kathleen F. Pilie, Gary L. )
Greiner, Sr., Lori T. Griner, Shanette B. )
Edler, Raymond Edler, Thomas W. Neely, )
III, Loyce S. Schellesci )
)
       v. )
)
Joseph S. Tufaro, Troy Duhon, Jeffery J. )
Neupert; Clipper Land Holdings, LLC, )
Clipper Construction LLC, )

## VERIFICATION

     NOW COMES BEFORE ME, Notary Pubic, Mickey O'Connor, a person of the full age of majority, who after being duly sworn, did depose and say:

     That the complaint in the matter filed herewith is true and correct to the best of his knowledge.

_____
Mickey O'Connor

Subscribed and sworn to before me this 8th day of May, 2009.

_____
John B. Wells
Notary Public # 50147